# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Cardinal Services, Inc.

        Plaintiff,     :    Case No. 2:19-cv-1743

  - vs -                           Judge Sarah D. Morrison
                                    Magistrate Judge Jolson
Cardinal Staffing Solutions, LLC,
                              :

        Defendant.

## OPINION & ORDER

The Clerk entered default against Defendant Cardinal Staffing Solutions, LLC on October 11, 2019. (ECF No. 15.) Plaintiff Cardinal Services, Inc.'s resultant Motion for Default Judgment (ECF No. 16) is now before the Court. For the reasons that follow, the motion is **GRANTED** in part and **DENIED** in part.

### I.    Background

This is a trademark infringement and unfair competition case. (ECF No. 1 ¶ 3.) Plaintiff is a staffing service based in Maumee, Ohio. *Id*. ¶ 6. Plaintiff has offices in Ohio, Michigan, Illinois and Florida. *Id*. ¶ 7. Defendant is a staffing service located in Columbus, Ohio. *Id*. ¶ 2.

Plaintiff utilizes Cardinal, Cardinal Staffing, Cardinal Staffing Services and Cardinal Services as common law service marks and has done so since September 1994. *Id*. ¶ 6. Plaintiff also uses federally registered service marks depicting cardinal bird designs. *Id*. ¶¶ 6, 13. Plaintiff began using those marks in Ohio in 2008. *Id*. ¶ 7. Plaintiff uses the marks to promote Plaintiff's services on a variety of mediums. *Id*. ¶ 10. As a result of their continuous use, the marks carry significant consumer goodwill. *Id*. ¶¶ 12, 20.

Defendant markets and offers services substantially similar to Plaintiff's while directly competing with Plaintiff and unlawfully using Plaintiff's service marks. *Id*. ¶¶ 16-24. Defendant's use of the marks is confusing to the public. *Id*. ¶ 23.

Prior to filing the action, Plaintiff's counsel sent Defendant two cease-and-desist letters. *Id*. ¶ 21. Defendant continued to use Plaintiff's marks despite Plaintiff's requests and in violation of Plaintiff's marks. *Id*.

Plaintiff's three count complaint asserts claims for trademark infringement under 15 U.S.C. § 1114, false designation of origin under 15 U.S.C. § 1125(a) and deceptive trade practices under Ohio Revised Code Chapter 4165. (ECF No. 1.) After Defendant failed to respond to the Summons, Plaintiff filed an Application for Entry of Default (ECF No. 14). The Clerk entered Defendant's default (ECF No. 15) and the instant motion (ECF No. 16) is ripe for review.

**II.     Standard of Review**

Federal Rule of Civil Procedure 55 states, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A party against whom default has been entered is deemed to have admitted all of the well-pleaded allegations in the complaint, except those related to damages. *Boost Worldwide, Inc. v. Cell Station Wireless, Inc.*, No. 2:13-cv-490, 2014 U.S. Dist. LEXIS 1467, at *3-4 (S.D. Ohio Jan. 7, 2014) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995). Allegations concerning damages are not deemed true upon entry of default. "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (quoting *Credit Lyonnais Sec., Inc. v. Alcantara*, 183 F.3d 151, 155 (2d

Cir. 1999)). After default has been entered, the party seeking relief from the defaulting party may apply for a default judgment. Fed. R. Civ. P. 55(b). "When an application is made to the court under Rule 55(b)(2) for the entry of a judgment by default, the district judge is required to exercise sound judicial discretion in determining whether the judgment should be entered." 10A Wright & Miller Fed. Prac. & Proc. Civ. § 2685 (3d ed. 2013).

### III.  DISCUSSION

#### A. Claims

In its Motion for Default Judgment, Plaintiff seeks an order: (1) finding that Defendant has infringed upon Plaintiff's common law and federally registered trademarks; (2) enjoining Defendant from continuing to infringe upon Plaintiff's marks; (3) requiring Defendant to produce or destroy any item bearing the infringing marks; (4) directing the registrar of the domain [www.cardinalstaffingsolutions.com](www.cardinalstaffingsolutions.com) to transfer the domain to Plaintiff; and (5) finding that Plaintiff is entitled to costs and fees under Fed. R. Civ. P. 4(d)(2) in the sum certain amount of $1,952.20. (ECF No. 1 at pp. 12-15.)

As noted, Plaintiff's first two claims allege that the Defendant violated the Lanham Act. A party proves trademark infringement in violation of the Lanham Act by showing that: (1) it owns a trademark, (2) the infringer used the mark in commerce without authorization, and (3) the use of the alleged infringing trademark "is likely to cause confusion among consumers regarding the origin of the goods offered by the parties." *Coach, Inc. v. Goodfellow*, 717 F.3d 498, 502 (6th Cir. 2013) (citing *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc*., 502 F.3d 504, 515 (6th Cir. 2007)). Taking the Plaintiff's well-plead allegations as true, the Plaintiff owns its trademarks, Defendant used Plaintiff's marks in commerce without authorization, and Defendant's use of Plaintiff's marks is likely to cause confusion among consumers regarding the origin of the goods

offered by the parties. (ECF No. 1 at ¶ ¶ 6, 13, 16-24.) Consequently, Plaintiff's well-pled Complaint demonstrates that the Defendant violated the Lanham Act. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) ("[a] default judgment on well-pleaded allegations establishes only defendant's liability") (citation omitted).

Plaintiff's third and final claim, for deceptive trade practices under Ohio state law, is also satisfied because that claim is "considered encompassed by the federal trademark infringement analysis." *Coach, Inc. v. Cellular Planet*, No. 2:09-cv-00241, 2010 U.S. Dist. LEXIS 45087, at *11-12 (S.D. Ohio May 7, 2010) (citing *Victoria's Secret Stores v. Artco Equip. Co.*, 194 F. Supp. 2d 704, 724 n. 8 (S.D. Ohio 2002) ("The Court notes the same analysis applies to [federal] trademark infringement, unfair competition, Ohio common law, and Ohio's deceptive trade practices statutes.")).

### B. Permanent Injunction

Based on the Defendant's violation of the Lanham Act, the Plaintiff requests that this Court enter a permanent injunction enjoining the Defendant from further infringing conduct. Courts may issue permanent injunctions, "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent violations of the Lanham Act. 15 U.S.C. § 1116(a). A plaintiff seeking a permanent injunction must demonstrate (1) that it has suffered irreparable injury; (2) that there is no adequate remedy at law; (3) that considering the balance of the hardships between the plaintiff and defendant, a remedy in equity is warranted, and (4) it is in the public's interest to issue the injunction. *Audi AG v. D'Amato*, 469 F.3d 534, 550 (6th Cir. 2006) (citing *eBay Inc., et al. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, (2006)). "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court." *MercExchange*, 547 U.S. at 391.

The Court finds that a permanent injunction enjoining the Defendant's use of Plaintiff's marks is appropriate under the circumstances of this case. First, the Plaintiff is likely to suffer irreparable injury if the Defendant is not permanently enjoined from using the marks. The irreparable injury factor is established in trademark cases by showing that the defendant's use of a trademark is likely to cause confusion. *Wynn Oil Co. v. American Way Serv. Corp.*, 943 F.2d 595, 608 (6th Cir. 1991). The Court has already found that the Defendant's use of the Plaintiff's marks is likely to cause confusion. Therefore, the first factor weighs in favor of a permanent injunction.

Second, as the Sixth Circuit has explained, there is no adequate remedy at law where there is a potential future harm from infringement. *Audi AG*, 469 F.3d at 550. The Defendant in this case has ignored the Plaintiff's request to cease the use of Plaintiff's marks and continued to use them in the regular course of Defendant's business. Absent a permanent injunction, there is the potential that the Defendant will continue to use the Plaintiff's marks and likely cause confusion among the public about the origination of its good and services. Therefore, the second factor weighs in favor of a permanent injunction.

Third, the Defendant will not incur any hardship as a result of the issuance of a permanent injunction requiring that it comply with the Lanham Act. A defendant does not suffer any hardship in complying with the Lanham Act. *Id*. Therefore, the third factor weighs in favor of a permanent injunction.

Finally, the issuance of a permanent injunction in this case is in the public interest. Trademark enforcement and prevention of customer confusion are inherently in the public interest. *Park'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 198 (1985); *see also Lorillard Tobacco Co. v. Amouri's Grand Foods, Inc.*, 453 F.3d 377, 383 (6th Cir. 2006)

(recognizing that a permanent injunction in cases involving the Lanham Act serves "two fundamental purposes of trademark law: preventing consumer confusion and deception in the marketplace and protecting the trademark holder's property interest in the mark"). Therefore, the fourth factor weighs in favor of a permanent injunction. In light of the foregoing analysis, the Court will grant the Plaintiff's request for a permanent injunction.

### C. Attorney's Fees and Costs

Although the Plaintiff's Complaint requests damages for the Defendant's alleged violations of the Lanham Act (ECF No. 1 at p. 11) and of Ohio's Deceptive Trade Practices Act (ECF No. 1 at p. 12) in its Motion for Default Judgment, the Plaintiff presently requests only that the Court enter a permanent injunction on those claims. However, Plaintiff also requests that the Court award it a total of $1,952.20 in attorney's fees and expenses incurred relative to service under Fed. R. Civ. P. 4. (ECF No. 16 at 12).

Rule 4(d)(2), addressing waiver of service, relevantly provides:

> (d) Waiving Service.
> (2) Failure to Waive. If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
> (A) the expenses later incurred in making service; and
> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Availability of fees under this rule is predicated on valid service of the waiver. *Spivey v. Board of Church Extension*, 160 F.R.D. 660, 8 Fla. L. Weekly Fed. D 702, 32 Fed. R. Serv. 3d (Callaghan) 484 (M.D. Fla. 1995). Here, the waiver was sent to the same address in Ohio that the Court found invalid for service. (ECF No. 12.) Plaintiff provides no indication that it sent the waiver request to the address in Texas used to perfect service. Because it is unclear if Defendant was actually served with the waiver of summons, the Court cannot decipher whether Defendants

6

failed to comply with Rule 4. Accordingly, the Court **DENIES** Plaintiff's request for $1,952.20 in attorney's fees and costs for service under Rule 4. (ECF No. 16.) *See Owens v. Benton*, 190 Fed. Appx. 762 (11th Cir. 2006) (upholding denial of motion for reimbursement of funds under Fed. R. Civ. P. 4(d)(2) because it was unclear whether appellees were actually served with waiver of service of summons, so it could not be determined that appellees failed to comply with waiver).

IV. **CONCLUSION**

Plaintiff's request for attorney's fees and costs is **DENIED**. (ECF No. 16.) Plaintiff's motion for a permanent injunction is **GRANTED**. *Id*. The Court finds and **ORDERS** as follows:

(a) Defendant has infringed Plaintiff's federally registered service marks under 15 U.S.C. § 1114, infringed and committed acts of unfair competition and false designation of origin in violation of Plaintiff's common law service mark rights under 15 U.S.C. § 1125(a), and committed acts of Deceptive Trade Practices under Ohio Law in violation of Plaintiff's common law service mark rights under Ohio Revised Code Chapter 4165.

(b) Defendant and its owners, officers, agents, divisions, branches, subsidiaries, parents, assigns, successors and attorneys, and all others acting in active concern therewith, are permanently restrained and enjoined from:
    a. imitating, copying or making unauthorized use of any of Plaintiff's Marks;
    b. making any further use of the Infringing Marks;
    c. using any false designation of origin, false description, false representation or any designator which can or is likely to lead the trade or public, or individual members thereof, to mistakenly believe that any product or service advertised, promoted, offered or sold by Defendant is sponsored, endorsed, connected with, approved by, or authorized by Plaintiff;
    d. causing likelihood of confusion or misunderstanding as to the source of Defendant's goods or services as relates to Plaintiff;
    e. causing likelihood of confusion or injury to Plaintiff's business reputation and to the distinctiveness of Plaintiff's Marks by any unauthorized use of the same;
    f. engaging in any activity constituting trademark infringement, unfair competition, or deceptive trade practices with Plaintiff or with Plaintiff's rights in Plaintiff's Marks;
    g. passing off Defendant's goods or services as those of Plaintiff's;
    h. engaging in false or deceptive commercial advertising and promotion based upon the use of any designation or other information likely to confuse consumers about Defendant's affiliation, connection, or association with

Plaintiff;
i. trading on the goodwill associated with Plaintiff's Marks; and
j. assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in sub-paragraphs a – h above;

(c) Defendant and its owners, officers, agents, divisions, branches, subsidiaries, parents, assigns, successors and attorneys, and all others acting in active concern therewith, to:
a. destroy or deliver up for destruction to Plaintiff any item, including but not limited to: business cards, letterhead, labels, signs, prints, packages, wrappers, receptacles, advertisements, brochures, literature, promotions, websites, domains, displays, catalogs and all other matter in the custody and under the control of Defendant bearing the Infringing Marks or any confusingly similar marks;
b. notify all customers, vendors, salespeople, employees and authorized agents of this Judgment;
c. take corrective action as is or might become necessary to prevent and remedy the trade or public from deriving the erroneous impression that any service or product of Defendant is authorized, affiliated with or related to Plaintiff's Services;

(d) The registrar of the domain www.cardinalstaffingsolutions.com to transfer such domain to Plaintiff.

This case is closed and shall be terminated from the Court's docket.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**